◎AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **STEPHEN J. MAZZOLA** | Case Number: **1:  01  CR  10012  - 01  - RGS** |
| | USM Number: 23489-038 |
| | ROBERT L. SHEKETOFF, ESQ. |
| | Defendant's Attorney |

☐ Additional documents attached

☐
**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.
☑ was found guilty on count(s)  <u>COUNTS 1, 3, 13-16</u>
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:                         Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | CONSPIRACY | 10/31/97 | 1 |
| 26 USC 7212 | CORRUPT ENDEAVOR TO IMPAIR AND IMPEDE THE DUE ADMINISTRATION OF THE IRS CODE | 10/31/97 | 3 |
| 26 USC 7206(2) | AIDING AND ABETTING THE FILING OF A MATERIALLY FALSE UNITED STATES TAX RETURN | 10/31/95 | 13-16 |

The defendant is sentenced as provided in pages 2 through ___10___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)  2, 8-12
☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

08/09/07
Date of Imposition of Judgment

_[signature]_
Signature of Judge

The Honorable Richard G. Stearns
Judge, U.S. District Court
Name and Title of Judge

8-17-07.
Date

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page 2 of 10

DEFENDANT: **STEPHEN J. MAZZOLA**
CASE NUMBER: **1: 01 CR 10012 - 01 - RGS**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **18** month(s)

SAID SENTENCE TO BE SERVED CONCURRENTLY ON EACH COUNT.

[✓] The court makes the following recommendations to the Bureau of Prisons:

THE COURT RECOMMENDS COMMITMENT TO FORT DEVENS CAMP.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ [ ] a.m. [ ] p.m. on _____.
   [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [✓] before 2 p.m. on  09/20/07.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page 3 of 10

DEFENDANT: STEPHEN J. MAZZOLA
CASE NUMBER: 1: 01 CR 10012 - 01 - RGS

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 2 year(s)

SAID TERM OF SUPERVISED RELEASE TO BE SERVED CONCURRENTLY ON EACH COUNT.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Judgment—Page 4 of 10

DEFENDANT: STEPHEN J. MAZZOLA
CASE NUMBER: 1: 01 CR 10012 - 01 - RGS

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

1. UPON RELEASE FROM CUSTODY, THE DEFENDANT SHALL REPORT IN PERSON TO THE DISTRICT TO WHICH HE IS RELEASED;
2. THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME AND SHALL NOT ILLEGALLY POSSESS A CONTROLLED SUBSTANCE;
3. THE DEFENDANT SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE. THE DEFENDANT SHALL SUBMIT TO ONE DRUG TEST WITHIN 15 DAYS OF RELEASE FROM IMPRISONMENT AND AT LEAST TWO PERIODIC DRUG TESTS THEREAFTER, NOT TO EXCEED 104 DRUG TESTS PER YEAR, AS DIRECTED BY THE U. S. PROBATION OFFICER;
4. THE DEFENDANT SHALL SUBMIT TO THE COLLECTION OF A DNA SAMPLE AT THE DIRECTION OF THE U. S. PROBATION OFFICER;
5. THE DEFENDANT SHALL NOT PURCHASE OR POSSESS A FIREARM OR ANY OTHER DANGEROUS WEAPON;
6. THE DEFENDANT SHALL PAY A FINE IN THE AMOUNT OF $7500.00 IMMEDIATELY, OR ACCORDING TO A SCHEDULE TO BE DETERMINED BY THE U. S. PROBATION OFFICER;
7. THE DEFENDANT SHALL NOT INCUR ANY NEW CREDIT CHARGES OR OPEN

### Continuation of Conditions of ☑ Supervised Release ☐ Probation

ANY NEW LINES OF CREDIT WITHOUT THE PRIOR APPROVAL OF THE U. S. PROBATION OFFICER;
8. THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION WHICH MAY BE SHARED WITH THE FINANCIAL LITIGATION UNIT OF THE U. S. ATTORNEY'S OFFICE;
9. THE DEFENDANT IS ORDERED TO MEET WITH THE INTERNAL REVENUE SERVICE WITHIN THE FIRST 90 DAYS OF PERIOD OF SUPERVISED RELEASE TO DETERMINE THE PRIOR TAX LIABILITY AND SHALL FILE TAX RETURNS AND PAY ANY PAST OR FUTURE TAXES DUE;
10. THE DEFENDANT SHALL PROVIDE COPIES OF ALL INDIVIDUAL AND BUSINESS TAX RETURNS FILED DURING THE PERIOD OF SUPERVISION TO THE U. S. PROBATION DEPARTMENT;
11. THE DEFENDANT SHALL MAINTAIN RECORDS OF ALL CASH RECEIPTS RECEIVED DURING THE OPERATION OF HIS BUSINESSES AND SHALL DEPOSIT ALL SUCH RECEIPTS AND ALL OTHER BUSINESS RECEIPTS INTO BUSINESS BANK ACCOUNTS. THE DEFENDANT SHALL NOT USE CASH TO PAY FOR BUSINESS EXPENSES OR TO PAY EMPLOYEES OR INDEPENDENT CONTRACTORS;
12. THE DEFENDANT SHALL PARTICIPATE IN A SUBSTANCE ABUSE PROGRAM AT THE DIRECTION OF THE U. S. PROBATION OFFICER, WHICH PROGRAM MAY INCLUDE RANDOM DRUG TESTING NOT TO EXCEED 104 DRUG TESTS PER YEAR TO DETERMINE IF THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL. THE DEFENDANT SHALL BE REQUIRED TO PAY FOR THE COSTS OF SAID SERVICES BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT;
13. THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $400.00 FORTHWITH.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page __5__ of __10__

DEFENDANT: **STEPHEN J. MAZZOLA**
CASE NUMBER: **1: 01  CR  10012   - 01   - RGS**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ $400.00 | $ $7,500.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

☐ See Continuation Page

| TOTALS | $ $0.00 | $ $0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☑ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: **STEPHEN J. MAZZOLA**
CASE NUMBER: **1: 01 CR 10012 - 01 - RGS**

Judgment — Page __6__ of __10__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [X] Lump sum payment of $ __$400.00__ due immediately, balance due

   [ ] not later than _____, or
   [ ] in accordance  [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

B  [ ] Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [X] Special instructions regarding the payment of criminal monetary penalties:

THE SPECIAL ASSESSMENT SHALL BE PAID FORTHWITH;
THE FINE SHALL BE PAID FORTHWITH, OR ACCORDING TO A SCHEDULE
TO BE DETERMINED BY THE U. S. PROBATION OFFICER.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

[ ] See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| | |
|---|---|
| DEFENDANT: **STEPHEN J. MAZZOLA** | Judgment — Page 7 of 10 |
| CASE NUMBER: **1: 01 CR 10012 - 01 - RGS** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

   1  ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

   2  ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3  ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4  ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐ findings of fact in this case
   ☐ substantial assistance (18 U.S.C. § 3553(e))
   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:  21
Criminal History Category:  I
Imprisonment Range:  37  to  46  months
Supervised Release Range:  2  to  3  years
Fine Range: $ 7,500  to $ 75,000
☐ Fine waived or below the guideline range because of inability to pay.

**DEFENDANT:** STEPHEN J. MAZZOLA
**CASE NUMBER:** 1: 01 CR 10012 - 01 - RGS
**DISTRICT:** MASSACHUSETTS

Judgment — Page 8 of 10

# STATEMENT OF REASONS

## IV   ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use Section VIII if necessary.)

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D ☑ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

## V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT:    **STEPHEN J. MAZZOLA**                          Judgment — Page 9 of 10
CASE NUMBER: **1: 01  CR  10012  - 01  - RGS**
DISTRICT:         **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

**A   The sentence imposed is** (Check only one.):
☑ below the advisory guideline range
☐ above the advisory guideline range

**B   Sentence imposed pursuant to** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☑ defense motion for a sentence outside of the advisory guideline system to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

**C   Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☑ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

**D   Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

SEE THE ATTACHED EXCERPT OF TRANSCRIPT OF THE SENTENCING HEARING HELD BEFORE THIS COURT.

DEFENDANT: **STEPHEN J. MAZZOLA**
CASE NUMBER: **1: 01 CR 10012 - 01 - RGS**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 10 of 10

# STATEMENT OF REASONS

**VII COURT DETERMINATIONS OF RESTITUTION**

A ☒ Restitution Not Applicable.

B Total Amount of Restitution: _____

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 00-00-1967
Defendant's Residence Address: WAKEFIELD, MA
Defendant's Mailing Address: SAME

Date of Imposition of Judgment 08/09/07
Signature of Judge
Name and Title of Judge: The Honorable Richard G. Stearns Judge, U.S. District Co
Date Signed 8-17-07.

1          **E X C E R P T**

2

3                          * * * * * * * *

4              THE COURT:  Thank you, Mr. Mazzola.

5              (Whereupon, the Court and Probation Officers

6      confer.)

7              (Pause in proceedings.)

8              THE COURT:  I am not saying this because it is

9      customary to say it.  I do not think there is a sentence

10     that I remember recently that I have so labored over in

11     trying to do the job, that Mr. Sheketoff declines to apply

12     for, in trying to fashion a sentence that I think is

13     appropriate under the circumstances.

14             I have looked, as I am enjoined to do, to the

15     Sentencing Guidelines; and having heard the evidence in the

16     case, I am inclined to accept the calculation of loss

17     essentially as compiled by the IRS auditor who worked with

18     the Probation Office.

19             I do not see any error in the Guidelines as

20     calculated.  I might have some question about the role in

21     the offense adjustment simply because it is unusual to see

22     the role-in-the-offense enhancement applied in a tax case,

23     although as one reads the Guidelines literally, they talk

24     about "criminal activity," not necessarily "organized

25     criminal activity" in the more traditional sense.  So I

1   suppose theoretically one could say that the Guidelines
2   apply irrespective of the nature of the underlying criminal
3   activity.
4          The argument could have been made by Mr. Sheketoff
5   that perhaps even if Mr. Mazzola were an organizer in the
6   sense that the term is used in the Guidelines, there were
7   two, as the Court found, separate and totally distinct
8   enterprises; one to deceive the IRS auditor, the other to
9   evade taxes, and perhaps there were not, when those are
10  separated -- I agree this is something of an Aristotelian
11  argument -- that perhaps the threshold number of five
12  participants might not be met.
13         Anyway, this is somewhat beside the point because I
14  think this is one of those cases where it is appropriate to
15  turn to the statutory factors in applying a sentence.
16         I am going to take the suspense out of what I am
17  going to do.  I am going to impose a sentence of 18 months.
18  I think asking for probation, and I understand why you
19  would, Mr. Mazzola, is simply unreasonable given the nature
20  of the crime.
21         On the other hand, a 60-month sentence I think is
22  also out of the question, and I think the Guideline range,
23  while it is appropriate, is not one that I should apply in
24  this case, and I am going to explain the reasons now.
25         I simply cannot ignore the fact that this case has

1  endured -- perhaps less charitably, "dragged on" -- for over
2  nine years from the day that Joseph Mazzola first reported
3  the accusations to the Internal Revenue Service.
4      The delay may be attributable, as argued, in part
5  to the defendants.  Indeed the Court may share some
6  responsibility for the delay by not being more vigorous in
7  urging counsel to move the case to some kind of resolution.
8  I am certain the government bears, and should take, some of
9  the responsibility for the delay as well.  But I do not
10 think apportionment of the blame is the issue.  The fact is
11 that the delay speaks for itself.  It has been inordinate,
12 and given its nine-year and some-months' duration, has
13 imposed some pretty serious penalties on the defendant of
14 its own.
15      Also, in looking to the statutory factors, I have
16 considered the need to avoid unwarranted disparities in
17 sentences among defendants.  I note that of all those who
18 have been prosecuted and sentenced in this case, the only
19 person who has received after a conviction at a jury trial
20 any custodial sentence is Mr. Joy, and there the sentence
21 was but four months.  Every other participant who has been
22 found guilty in this scheme has been sentenced to a term of
23 straight probation.
24      Among those who have received probationary
25 sentences is, of course, Joseph Mazzola, whom I consider

1   almost, if not equally, culpable for the crimes that have
2   been prosecuted before the Court.  I understand that Joseph
3   Mazzola expected, and not unreasonably so, to be rewarded
4   for his services to the government, but I do have to note
5   that the reward he received is a very generous one.
6            On the other side of the equation I have weighed
7   heavily the seriousness of the offense.  It is a serious
8   offense, and the need to deter others perhaps attaches more
9   in tax cases than others, as the temptation to otherwise
10  law-abiding persons to evade taxes is higher, I think, than
11  the temptation to commit other crimes.
12           On the other hand, I do not see any need to protect
13  the public from any future criminal conduct on the part of
14  Mr. Mazzola.  I credit Mr. Sheketoff's argument, and I have
15  taken it seriously, that despite a series of personal
16  difficulties, Mr. Mazzola has since committed no act that
17  would have in any way endangered the public safety or
18  violated the criminal laws per se.
19           I have also considered the injunction in the
20  statute that a sentence imposed be sufficient but not longer
21  than necessary to serve the purposes that the statutory
22  factors and other sentencing considerations serve.
23           The restitution aspect of the Guidelines factors
24  will, of course, take care of itself.
25           I am going to impose sentence.  I am going to

1    permit the defendant, however, to self-report to give him
2    some time to put his affairs in order before being
3    designated to an institution.
4         Mr. Mazzola, would you stand, please.
5         Mr. Mazzola, pursuant to the Sentencing Reform Act
6    of 1984, and having considered the sentencing factors
7    enumerated in 18 United States Code, Section 3553(a), it is
8    the judgment of the Court that you be committed to the
9    custody of the Bureau of Prisons for a term of 18 months.
10   This term will consist of a term of 18 months on Count One,
11   similar terms on Counts Three, and Counts Thirteen through
12   Sixteen of the indictment.  These terms are all to run
13   concurrently one with the other.
14        Within 72 hours of release from custody of the
15   Bureau of Prisons, you are directed to report in person to
16   the Probation Office in the district to which you are
17   released.  That will almost certainly be the District of
18   Massachusetts.
19        It is further ordered that you pay to the United
20   States a total fine of $7,500.  That will consist of a fine
21   of $1,250 on each of the six counts of conviction.  The fine
22   shall be paid immediately, or according to a Court-ordered
23   repayment schedule.
24        You will notify the United States Attorney in this
25   district within 30 days of any change of address as long as

1   any balance of the fine remains unpaid.
2           You will serve two years of supervised release.
3           While on supervised release you will comply with
4   the following terms and conditions:
5           You will not commit any federal, state or local
6   crime, nor will you illegally possess a controlled
7   substance.
8           You will refrain from any unlawful use of a
9   controlled substance.  You will submit to one drug test
10  within 15 days of release from custody and at least two
11  periodic drug tests thereafter, not to exceed 104 tests per
12  year as directed by the Probation Office.
13          You are required to submit to the collection of a
14  DNA sample as directed by the Probation Office.
15          Further, you are to comply with the standard
16  conditions that have been adopted by the court.  These are
17  described at United States Sentencing Guidelines, Section
18  5D1.3(c).  They will be set forth in detail in the judgment.
19          The Court imposes the following special conditions:
20          You are prohibited from possessing a fireman or
21  destructive device or any other dangerous weapon.
22          You will pay the balance of the fine, as I have
23  ordered, if not immediately then according to the
24  Court-ordered repayment schedule.
25          You will not incur new credit charges or open

1   additional lines of credit without the approval of the
2   Probation Office while any financial obligation remains
3   outstanding.
4          You are to provide the Probation Office access to
5   any requested financial information, which may be shared
6   with the Financial Litigation Unit of the United States
7   Attorney's Office.
8          You are to meet with the Internal Revenue Service
9   within the first 90 days of the period after supervision
10  commences in order to determine any prior tax liability that
11  is due.  You will file any required tax returns and pay any
12  past or future taxes that are owing.
13         You will provide copies of all individual and
14  business tax returns filed during the period of supervision
15  to the Probation Office.
16         You will maintain records of all cash receipts
17  received during the operation of your businesses and deposit
18  all such receipts and all other business receipts into
19  business bank accounts.
20         You will not use cash to pay for business expenses
21  or to pay employees or independent contractors.
22         You will participate in a program for substance
23  abuse counselling as directed by the United States Probation
24  Office.  Again, that program may include testing, not to
25  exceed 104 drug tests per year, to determine whether you

Case 1:01-cr-10012-RGS   Document 317   Filed 08/17/07   Page 18 of 20

34

```
 1    have reverted to use of control substances of an illegal
 2    nature.  You may be required to contribute to the payment of
 3    the cost of such services based on your ability to pay or
 4    the availability of a third-party payor.
 5              It is further ordered that you pay to the United
 6    States a special assessment of $400.  That will be due
 7    immediately.
 8              I am going to permit to you self-surrender to the
 9    institution designated by the Bureau of Prisons.
10              May I have a date, please?
11              (Whereupon, the Court and deputy clerk confer.)
12              THE COURT:  September 20, 2007.  You are to
13    report by 12 noon on that date as designated.
14              MR. SHEKETOFF:  Your Honor, would you consider
15    recommending to the Bureau of Prisons Ft. Devens Camp,
16    because it's the only facility in Massachusetts?
17              THE COURT:  I will so recommend, although, as
18    you know, I cannot guarantee that the Bureau of Prisons will
19    honor the recommendation; but, yes, that will be recommended
20    and incorporated into the judgment.
21              MR. SHEKETOFF:  And I would ask for the
22    500-hour drug program, but I think the reality is if you
23    have a sentence of 18 months, you're not entitled to it.
24              THE COURT:  No.  It has to be a sentence of 30
25    months, which I do not think you would be looking for in the
```

1  alternative.

2           MR. SHEKETOFF:  No.  I decline the
3  alternative.

4           THE COURT:  All right.
5           Again, let me stress that I do not find what the
6  Guidelines have counselled necessarily an unreasonable
7  recommendation.
8           I do find that there was no basis for an upward
9  departure.  I cannot consider evidence that was not
10 presented or is imagined to exist as a basis for imposing an
11 upward departure.
12          I believe that I understand the evidence in the
13 case.  I believe that I have properly rejected the request
14 that I consider acquitted conduct as a basis for an upward
15 departure.  And, finally, I believe, again for the reasons
16 that I stated earlier, but principally because of the
17 inordinate delay in disposing of this case, that under the
18 circumstances the sentence that I have chosen of 18 months
19 with a fine is the appropriate sentence.
20          I wish you luck, Mr. Mazzola.
21          THE DEFENDANT:  Thank you, your Honor.
22          THE COURT:  Please advise Mr. Mazzola of his
23 right of appeal.
24          THE CLERK:  Mr. Mazzola, you do have the right
25 to file a Notice of Appeal in this case.  If you do wish to

```
 1    file that Notice of Appeal, you must file it within 10 days
 2    from the date that I enter the judgment.  If you cannot
 3    afford an attorney to file that Notice of Appeal on your
 4    behalf, you may request me to do it, and I will file it in
 5    the Clerk's Office for you.
 6               THE DEFENDANT:  Thank you.
 7               THE COURT:  We will be adjourned on this
 8    matter.
 9               THE CLERK:  All rise.
10           Court is in recess.
11           (Proceedings adjourned.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```